# SheppardMullin

Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112-0015
212.653.8700 main
212.653.8701 main fax
www.sheppardmullin.com

March 22, 2017

**VIA ECF**

Hon. Dora Lizette Irizarry, U.S.D.J.
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Gustavo Santos v. ET & K Foods, Inc., et al.*, Case No. 16-cv-7107(DLI)(VMS)

Dear Judge Irizarry:

      We represent defendants E T & K Foods Inc. d/b/a Met Foods ("ETK"), Bet-Er By Far Meats d/b/a Met Foods ("BBFM") and Thomas Kaller ("Kaller") (collectively, "Defendants") in the above-referenced matter. We write in response to plaintiff Gustavo Santos' ("Plaintiff") request for a pre-motion conference with the Court in which Plaintiff seeks leave to file a motion for conditional certification of this matter as a collective action. (<u>See</u> Dkt. No. 14).

      As detailed herein, Defendants respectfully request that the Court deny Plaintiff's request because his anticipated motion for conditional certification will fail as a matter of law. Stated simply, Plaintiff's conclusory declaration ("Declaration" or "Decl.") falls woefully short of even the "modest factual showing" required for conditional certification. As such, Plaintiff will be unable to show that he is similarly situated to members of the putative collective class (*i.e.*, that he and putative collective class members were victims of a common policy or plan that violated the FLSA).

A.    **<u>Statement of Relevant Facts</u>**[1]

      From approximately 2004 through December 2, 2016, Plaintiff worked at <u>one</u> Met Food Location – ETK, which is located at 116 Avenue U, Brooklyn, NY 11223.[2] During this time, he worked as a stock clerk. Generally, Plaintiff was scheduled to work on Tuesday, Wednesday, Thursday, Friday, and Saturday from 11:00 am until 8:00 pm, and on Sunday from 10:30 am until 6:00 pm, with one hour for lunch, for a total of 46.5 hours per week. For working these hours, Plaintiff was generally paid $400 per week – $8.00 per hour for hours worked up to 40 in a workweek, and $12.00 for each overtime hour worked (totaling $398 and rounded up to $400). In light of these payments (payments to which Plaintiff admits receiving), Plaintiff was paid for all hours that he worked.

---

[1] Each of the facts detailed herein are supported by documentary evidence and/or testimony which can provided to the Court upon request.

[2] Plaintiff allegation in his Declaration that he worked at two Met Foods locations (Plaintiff's Decl. ¶ 2) is patently false and is belied by Plaintiff's own allegations in his Complaint wherein he states that he only worked at one Met Foods location. (Compl. ¶ 10).

**SheppardMullin**

Hon. Dora Lizette Irizarry
March 22, 2017
Page 2

In addition to the evidence set forth above, Plaintiff's allegation in his Declaration and Complaint that he worked approximately 54 hours each week is further belied by Plaintiff's own prior representations to the New York State Department of Labor ("NYSDOL"). More specifically, Plaintiff previously informed the NYSDOL that he worked 43 hours per week during a routine audit of ETK.

**B.    Argument**

Section 216(b) of the FLSA authorizes employees to maintain collective actions where they are "similarly situated" with respect to the alleged violations of the FLSA. 29 U.S.C. § 216(b). Certification of a "collective action" is a two-step process in the Second Circuit. See Sanchez v. JMP Ventures, L.L.C., No. 13 CIV. 7264 (KBF), 2014 WL 465542, at *1 (S.D.N.Y. Jan. 27, 2014) (citing Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010)). "At the first step (conditional certification), the Court simply authorizes notice to be sent to potential similarly situated plaintiffs." Sanchez, 2014 WL 465542, at *1 (citing Myers, 624 F.3d at 555). Plaintiff bears the burden of making a "modest factual showing" that the named plaintiff and the potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." Sanchez, 2014 WL 465542, at *1 (quoting Myers, 624 F.3d at 555).

However, courts in this District require plaintiffs to at least provide a "minimum level of detail regarding the contents of [] conversations or observations" of coworkers who were also subject to the alleged unlawful common policy. Martinez v. Zero Otto Nove, Inc., No. 15-CIV-899 (ER), 2016 WL 3554992, at *4 (S.D.N.Y. June 23, 2016) (quoting Reyes v. Nidaja, LLC, No. 14-CIV-9812 (RWS), 2015 WL 4622587, at *3 (S.D.N.Y. Aug. 3, 2014)) (emphasis original); Sanchez, 2014 WL 465542, at *2 (holding that facts such as "where or when these observations or conversations occurred…is critical in order for the Court to determine the appropriate scope of the proposed class and notice process."); She Jian Guo v. Tommy's Sushi, Inc., No. 14-CIV 3964 (PAE), 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014) (denying conditional certification of a class of all hourly paid, non-managerial employees based on "unsupported assertions" regarding discussions and comparisons among coworkers). These details are particularly critical where, as here, a request for conditional certification is premised solely upon the affidavit of a single employee. See, e.g., Ji v. Jling, Inc., No. 15-CV-4194 (JMA) (SIL), 2016 WL 2939154, at *5 (E.D.N.Y. May 19, 2016) (internal citation omitted); Mata v. Foodbridge, LLC, No. 14-CIV-8754 (ER), 2015 WL 3457293, at *3-4 (S.D.N.Y. June 1, 2015).

Here, Plaintiff's anticipated motion for conditional certification is premised exclusively on his own conclusory Declaration. This Declaration, however, fails to satisfy even the "modest factual showing" on a motion for conditional certification. Indeed, while Plaintiff's declaration provides (unsubstantiated) statements regarding the hours and pay that *he* allegedly worked and received, it fails to provide any details as to the hours worked and wages received by other putative class members. Instead, Plaintiff's Declaration merely contains a general statement that "many other employees . . . complained about their wages and also not being paid overtime." (Plaintiff's Decl. at ¶ 12). This conclusory assertion about alleged conversations with putative class members, however, does not satisfy Plaintiff's burden because it fails to provide even the most basic of information about these alleged conversations, such as: (i) the dates when such

**SheppardMullin**

Hon. Dora Lizette Irizarry
March 22, 2017
Page 3

alleged conversations with other employees took place; (ii) where such alleged conversations occurred; (iii) the number of hours these other employees worked or the compensation they earned; and (iv) names of the employees who allegedly "complained" about their wages. This lack of detail is fatal to any motion for conditional certification and, as a result, Plaintiff's requested motion for conditional certification will fail as a matter of law.  See Sanchez, 2014 WL 465542, at *2 (denying motion for conditional certification where plaintiff's conclusory declaration failed to provide any details as to alleged conversations that he had with putative class members regarding the underpayment of wages, and finding that the plaintiff's declaration was nothing more than "a list of generalized allegations that have been molded into a declaration which reads similarly to the complaint . . . precisely the kind of unsupported assertions and conclusory allegations that courts in this District have found to be insufficient to conditionally certify a class under § 216(b)."); see also Ali v. N.Y. City Health and Hosps. Corp., No. 11 Civ. 6393 (PAC), 2013 WL 1245543 at *3 (S.D.N.Y., Mar. 27, 2013) (denying motion to conditionally certify a collective action because "[t]he sole basis for [plaintiff's belief that there are other similarly situated class members] is that Plaintiff 'had conversations with other respiratory therapists about the fact that we worked in excess of forty hours a week.'").[3]

In addition, and as set forth above, Plaintiff's own Complaint, Declaration and representations to the NYSDOL regarding his employment at ETK are completely contradictory and vary wildly with respect to his hours of work and rates of pay. Plaintiff's irrefutable and repeated contradictions alone necessitate the need for the parties to engage in pre-certification discovery including, but not limited to, the depositions of Plaintiff and any other purported class members to whom he claims he spoke to in connection with his claims in this case.

**C.      Conclusion**

In light of the foregoing, Defendants respectfully request that the Court deny Plaintiff's request to make a motion for conditional certification and order the parties to engage in pre-certification discovery. We look forward to discussing the foregoing with Your Honor at the upcoming conference.

Respectfully submitted,

Eric Raphan
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc:    Jacob Aronauer, Esq. (via ECF)

---

[3] The cases cited by Plaintiff in support of his request to file his motion are distinguishable because, among other reasons, those motions were supported by more than one conclusory declaration. See Cano v. Four M Food Corp., No. 08-CV-3005 (JFB)(AKT), 2009 WL 5710143, at *5 (E.D.N.Y. Feb. 3, 2009) (multiple named plaintiffs each submitted affidavits supporting the motion for conditional certification); Hernandez v. Immortal Rise, Inc., No. 11 CV 4360 (RRM)(LB), 2012 WL 4369746, at *3 (E.D.N.Y. Sept. 24, 2012) (same); Enriquez v. Cherry Hill Market Corp., No. 10-CV-5616 (FB)(ALC), 2012 WL 440691, at *2 (E.D.N.Y. Feb. 10, 2012) (same).