**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

212.634.3023 direct
skirby@sheppardmullin.com

April 11, 2017

**By ECF**

Hon. Vera M. Scanlon
United States District Court
225 Camden Plaza East
Brooklyn, NY 11201

      Re:    *Gustavo Santos v. ET & K Foods Inc., et. al.*
              Case No. 16-CV-07107

Dear Judge Scanlon:

      We represent Defendants ET & K Foods Inc., Bet-er By Far Foods Inc., and Thomas Kaller (collectively, "Defendants") in the above-referenced matter.  We write in response to Plaintiff's counsel's April 10, 2017 letter (Dkt. No. 24), which falsely claims that Defendant Thomas Kaller has engaged in retaliatory tactics against Plaintiff.

      By way of background, on March 15, 2017, Plaintiff filed a letter seeking permission from Judge Irizarry to file a motion for conditional certification of this matter as a collective action (Dkt. No. 14).  On March 22, 2017, Defendants opposed Plaintiff's letter request on a number of grounds, including that Plaintiff's anticipated motion was based solely on Plaintiff's declaration which included a number of allegations that were flatly contradicted by Plaintiff's own assertions in the Complaint and to the Department of Labor during a prior investigation. (See Dkt. No. 15).

      On April 6, 2017, the parties appeared before Your Honor for a preliminary discovery conference.  During the conference, Your Honor questioned Plaintiff's counsel regarding the merits of the anticipated motion for conditional certification.  Your Honor also expressed some skepticism regarding the viability of such a motion, particularly given the content of Plaintiff's lone declaration.

      Coincidentally, the <u>very next day</u> after Your Honor questioned the viability of Plaintiff's proposed motion for conditional certification, Plaintiff alleged that Mr. Kaller somehow retaliated against him by taking a photo of Plaintiff outside of Plaintiff's new place of employment.  Even if taking Plaintiff's picture somehow constituted retaliation – which it does not – Mr. Kaller <u>unequivocally</u> denies Plaintiff's allegations.  Indeed, Mr. Kaller is willing to swear to the same in a declaration, and to make his phone available for inspection by the Court *in camera* to show that Plaintiff's claims are baseless.

**SheppardMullin**

April 11, 2017
Page 2

      In sum, given the timeline above, and Mr. Kaller's unequivocal denial of Plaintiff's allegations, it is clear that Plaintiff has resorted to fabricating wildly false allegations against Mr. Kaller in a desperate attempt to somehow create a retaliation claim where none exists, and to deflect attention away from his meritless anticipated motion for conditional certification.

      We look forward to addressing these issues with Your Honor if Your Honor believes that a conference is necessary to discuss the same.

                                           Respectfully submited,

                                           Sean J. Kirby