**SheppardMullin**

Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112-0015
212.653.8700 main
212.653.8701 main fax
www.sheppardmullin.com

June 1, 2017

<u>**VIA ECF**</u>

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, 505 North
Brooklyn, New York 11201

      Re:    <u>*Gustavo Santos v. ET & K Foods, Inc., et al.*
             Case No. 16-cv-7107(DLI)(VMS)</u>

Dear Judge Scanlon:

      We represent defendants E T & K Foods Inc. d/b/a Met Foods ("ETK"), Bet-Er By Far Meats d/b/a Met Foods ("BBFM") and Thomas Kaller ("Kaller") (collectively, "Defendants") in the above-referenced matter. We write in response to plaintiff Gustavo Santos' ("Plaintiff") letter request for a pre-motion conference with the Court, dated May 26, 2017 (the "Letter").

      In the Letter, Plaintiff seeks leave to file a motion to amend his Complaint to add Francisco Moyaho ("Moyaho") as a named defendant. As detailed herein, Defendants respectfully request that the Court disregard the Letter as such Letter fails to comply with Your Honor's Individual Rules of Practice. Moreover, Defendants respectfully request that the Court deny Plaintiff's request to file a motion for leave to amend his Complaint because, among other reasons, Plaintiff's request is made in bad faith.

A.    <u>**Plaintiff's Letter is at Least His Fifth Violation of The Court's Rules**</u>

      As a preliminary matter, it is worth bringing to the Court's attention that Plaintiff's submission of the Letter is a clear violation of Rule III.a of Your Honor's Individual Practice Rules ("Individual Rules"). Pursuant to Individual Rule III.a "pre-motion conferences are not required for any motions submitted to Magistrate Judge Scanlon." Despite Your Honor's clear Individual Rules, Plaintiff has taken the wholly unnecessary step of requesting a pre-motion conference to discuss his proposed request for leave to amend the Complaint thereby requiring Defendants to incur unnecessary costs and expenses.

      Plaintiff's submission of the Letter is at least his *fifth* violation of Your Honor's and Judge Irizarry's Individual Rules in this matter. More specifically, on March 15, 2017, Plaintiff filed a request for a pre-motion conference seeking leave to file a motion for conditional certification. As Judge Irizarry subsequently noted, Plaintiff's request violated her Individual Rules because Plaintiff improperly filed the request as a motion, attached an exhibit to the request, and was more than three pages in length. (See Dkt. No. 14). On March 27, 2017, Plaintiff again violated Judge Irizarry's Individual Rules by improperly filing a reply in support of his request for a pre-motion

**SheppardMullin**

Hon. Vera M. Scanlon
June 1, 2017
Page 2

conference seeking leave to file a motion for conditional certification. (See Dkt. No. 16). That same day, Defendants filed a motion to strike Plaintiff's improper reply and Plaintiff subsequently acknowledged his violation of Judge Irizarry's Individual Rules. (See Dkt. Nos. 18 and 19). On April 12, 2017, Judge Irizarry entered an Order on the docket wherein she responded to Plaintiff's blatant violation of her Individual Rules and stated:

> "[P]laintiff is admonished to adhere to my Individual Rules and Practices, the premotion conference request was filed improperly as a motion, had an exhibit attached, and was more than three pages in length. Moreover, replies are not permitted in the premotion context. The plaintiff shall not have two bites at litigating his motion. Future filings that do not conform to my rules will be stricken summarily.

(See Dkt. Entry April 12, 2017).

On the same day that Plaintiff received the above admonishment, Plaintiff violated Your Honor's Individual Rule III.b by filing a reply in support of his request for a court conference to discuss Defendants' alleged retaliatory conduct. (See Dkt. No. 26). On April 16, 2017, Plaintiff yet again violated Judge Irizarry's Individual Rules by addressing a motion for leave to amend the Complaint to her attention, rather than to Your Honor's attention in direct contravention of Judge Irizarry's Individual Rule III.A.2. (See Dkt. No. 27). As a result of Plaintiff's repeated failure to follow the applicable Individual Rules, the parties were ordered to appear before Judge Irrizary on April 24, 2017 during which Judge Irrizary again admonished Plaintiff for failing to follow the Court's rules. Nevertheless, Plaintiff has once again violated Your Honor's Individual Rules by submitting the Letter.

In addition to these violations, Plaintiff submitted correspondence to the Court making wildly false allegations regarding Defendants' alleged retaliatory conduct (see Dkt. Nos. 5 and 24), which resulted in a lengthy evidentiary hearing before Your Honor on April 24, 2017 (the "Hearing"). As Your Honor noted at the Hearing, Plaintiff's own testimony as well as the testimony of his brother-in-law belied many of Plaintiff's allegations in Plaintiff's correspondence to the Court, which led Plaintiff's counsel to admit that at least one of the letters that he submitted to the Court that gave rise to the hearing had a "mistake" and contained a "sloppy error." (Hearing Trans. at pp. 156:25-157:18; 165:3-166:23).[1]

**B.   Plaintiff's Request to Amend His Complaint is Being Made in Bad Faith**

Even if the Court decides to entertain Plaintiff's improper Letter, Defendants respectfully submit that the Court should deny Plaintiff's request to file a motion seeking leave to amend the complaint to add Moyaho as a defendant. While motions for leave to amend are freely granted, such motions can be denied where there "is delay, bad faith, futility, or prejudice to the non-moving party." Nastasi v. Lari, No. 15-CV-06066 (SIL), 2017 WL 943935, at *2 (E.D.N.Y. Mar.

---

[1] Defendants presume that the Court has a copy of the Hearing Transcript, but Defendants are prepared to provide a copy to the Court upon request.

**SheppardMullin**

Hon. Vera M. Scanlon
June 1, 2017
Page 3

9, 2017) (citations omitted). Plaintiff's proposed motion for leave to amend should be denied because, among other reasons, it is being made in bad faith for at least two reasons.

      First, Plaintiff's bad faith is evident because Plaintiff's counsel admitted to the undersigned before filing the Letter that one of the reasons he was seeking to amend the Complaint was "to keep the pressure on Defendants." While Plaintiff mentions in the Letter that "counsel met and conferred on the telephone prior to Plaintiff submitting this letter to the Court," Plaintiff has conveniently failed to include several key facts about this meet and confer. More specifically, during the meet and confer, the undersigned informed Plaintiff's counsel that amending the Complaint to add Moyaho as a defendant was unnecessary because Plaintiff has already named ETK, BBFM, and Kaller as defendants and Moyaho does not have the ability to pay any potential damages to Plaintiff. In response, Plaintiff's counsel admitted to the undersigned that he was seeking to amend the Complaint "to keep pressure on Defendants." Plaintiff's counsel further stated that, based upon Defendants' Responses to Plaintiff's First Set of Interrogatories ("Defendants' Interrogatory Responses"), he was concerned that Defendants were somehow trying protect Kaller from individual liability. The undersigned reassured Plaintiff's counsel that Defendants were not trying to protect Kaller from individual liability and asked Plaintiff's counsel to reconsider his desire to amend the Complaint to add Moyaho. In response, Plaintiff's counsel proposed that if Kaller were willing to stipulate that he was Plaintiff's "employer" under the Fair Labor Standards Act and New York Labor Law then he would not seek to amend the Complaint to add Moyaho. Plaintiff's counsel gave Defendants until the close of business on May 30th to confirm whether Kaller would make such stipulation. However, in an apparent attempt "to keep the pressure on Defendants," Plaintiff preemptively filed the Letter on the afternoon of May 26th.

      Second, the timing of Plaintiff's request to amend the Complaint further shows Plaintiff's bad faith. The parties do not dispute that Plaintiff worked at ETK from 2004 through December 2, 2016, and that he reported to Moyaho throughout his employment. Accordingly, Plaintiff was well aware that Moyaho interviewed him, hired him, supervised him and scheduled his work hours for the *twelve years* before he filed the Complaint. In fact, even Plaintiff's sister and brother-in-law testified at the Hearing that they were well aware that Moyaho was Plaintiff's supervisor. (See Hearing Trans. at 53:19-24; 70:15-21). Nevertheless, Plaintiff decided not to name Moyaho as a defendant – or even reference Moyaho – in the Complaint. Significantly, it was only after Moyaho testified at the Hearing – during which he completely undermined Plaintiff's claims of retaliation – that Plaintiff first became interested in adding Moyaho as a defendant. Perhaps realizing the obvious bad faith in his request to amend the Complaint, Plaintiff attempts to convince this Court that Defendants' Interrogatory Responses somehow provided Plaintiff with new information that now gives him a basis to amend the Complaint. However, as set forth above, Plaintiff was well aware of the information set forth in Defendants' Interrogatory Responses before he even filed the Complaint.

      In light of the above, it is readily apparent that Plaintiff is seeking to amend the Complaint in a bad faith attempt to "keep pressure the pressure on Defendants" and to intimidate Moyaho with the hopes that such tactics will have a chilling effect on Moyaho going forward.

**SheppardMullin**

Hon. Vera M. Scanlon
June 1, 2017
Page 4

## C.  Conclusion

In light of the foregoing, Defendants respectfully request that the Court deny Plaintiff's request for leave to amend his Complaint to add Moyaho as a defendant and provide Defendants with all other relief that the Court deems just and proper, including awarding Defendants' counsel its attorneys' fees in connection with having to prepare this response.

Respectfully submitted,

*Sean J. Kirby*
Sean J. Kirby
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc:   Jacob Aronauer, Esq. (via ECF)