**Sheppard**Mullin

Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112-0015
212.653.8700 main
212.653.8701 main fax
www.sheppardmullin.com

June 20, 2018

**VIA ECF**

Hon. Dora L. Irizarry, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Gustavo Santos v. ET & K Foods, Inc., et al.,* Case No. 16-cv-7107(DLI)(VMS)

Dear Judge Irizarry:

   We represent defendants E T & K Foods Inc. d/b/a Met Foods, Bet-Er By Far Meats d/b/a Met Foods and Thomas Kaller ("Kaller") (collectively, "Defendants") in the above-referenced matter. We write in opposition to Mr. Aronauer's eleventh-hour and completely improper request to adjourn tomorrow's pre-motion conference with Your Honor that was scheduled nearly six weeks ago (Dkt. No. 55).

   Despite being abundantly aware that the parties were scheduled to participate for a pre-motion conference with Your Honor tomorrow at 11:30 am to address Mr. Aronauer's baseless request to file a motion to seek attorneys' fees, Mr. Aronauer, in apparent attempt to circumvent the scheduled pre-motion conference, filed a motion seeking sanctions against Defendants and the undersigned, *and his attorneys' fees*. Stated another way, without the Court's approval, Mr. Aronauer unilaterally decided to file his motion for attorneys' fees even though the Court had already scheduled a pre-motion conference for tomorrow to discuss this very issue. For this reason alone, Mr. Aronauer's request to adjourn the conference should be denied.

   Likewise, Mr. Aronauer's request to adjourn tomorrow's conference is untimely. Your Honor's Individual Motion Practice and Rules ("Individual Rules") expressly provide that "absent an emergency" any request to adjourn a court appearance should be made "at least 2 business days prior to the scheduled appearance." See Individual Rules § II.E.6. Here, Mr. Aronauer seeks to adjourn the conference because, as discussed above, he unilaterally and without the Court's approval, decided to file his motion for sanctions *and attorneys' fees* (the later of which is the subject of tomorrow's scheduled pre-motion conference). Mr. Aronauer's decision to file a motion on the eve of the conference that has been scheduled for six weeks hardly constitutes an "emergency" and, therefore, Mr. Aronauer's request to adjourn the conference should be denied as untimely.

   Finally, Mr. Aronauer's request to adjourn the conference constitutes another example of Mr. Aronauer's troubling pattern of repeatedly violating Your Honor's and Judge Scanlon's Individual Rules. As Your Honor may recall, in response to Mr. Aronauer's habit of wholly ignoring, or outright refusing to adhere to, Your Honor's Individual Rules, Your Honor so Ordered, on April 12, 2017, that "plaintiff is admonished to adhere to my Individual Rules and Practices . . . ." Unfortunately, Mr. Aronauer has once again, and for *at least the seventh time in*

# **Sheppard**Mullin

Hon. Dora L. Irizarry
June 20, 2018
Page 2

*this case*, violated Your Honor's and Judge Scanlon's Individual Rules.[1]  Accordingly, given Mr. Aronauer's apparent inability, or refusal, to follow Your Honor's Individual Rules, we respectfully request that Mr. Arnoaur's request to adjourn tomorrow's conference be denied, that Mr. Aronauer be admonished once again to follow the Court's Individual Rules and that he be sanctioned for his repeated and inexcusable misconduct.

Respectfully submitted,

Eric Raphan

cc:     All counsel of record (via ECF)

---

[1] In addition to Mr. Aronauer's failure to timely seek an adjournment of the pre-motion conference addressed herein, his six prior violations or Your Honor's and/or Judge Scanlon's Individual Rules are set forth in Defendants' letters to the Court dated June 1, 2017 (Dkt. No. 33), and August 7, 2017 (Dkt. No. 45).