**SheppardMullin**

Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112-0015
212.653.8700 main
212.653.8701 main fax
www.sheppardmullin.com

Eric D. Raphan
212.634.3045 direct
eraphan@sheppardmullin.com

File No.:38NR-251719

August 28, 2018

**VIA ECF**

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, 505 North
Brooklyn, New York 11201

      Re:    *Gustavo Santos v. ET & K Foods, Inc., et al.*
               Case No. 16-cv-7107(DLI)(VMS)

Dear Judge Scanlon:

      We represent defendants E T & K Foods Inc. d/b/a Met Foods ("ETK"), Bet-Er By Far Meats d/b/a Met Foods ("BBFM") and Thomas Kaller ("Kaller") (collectively, "Defendants") in the above-referenced matter. Pursuant to Your Honor's instructions at the oral argument on August 21, 2018 (the "Hearing"), below please find Defendants' supplemental authority regarding whether, pursuant to New York Judiciary Law § 475, Plaintiff's counsel can seek to recover his attorneys' fees directly from Defendants where a settlement has been reached between the parties without the involvement of counsel.

      New York Judiciary Law § 475 provides that:

> From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor, or the service of an answer containing a counterclaim, or the initiation of any means of alternative dispute resolution including, but not limited to, mediation or arbitration, or the provision of services in a settlement negotiation at any stage of the dispute, the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

**SheppardMullin**

Hon. Vera M. Scanlon
August 28, 2018
Page 2

  In instances where, as here, the parties in an action reached a settlement outside the presence of counsel, New York courts have held that, pursuant New York Judiciary Law § 475, "a plaintiff's attorney may enforce her statutory charging lien against the defendant's own assets, if [the defendant] still possesses the settlement proceeds or knowingly paid them to the plaintiff so as to deprive the attorney of her compensation." Haser v. Haser, 271 A.D.2d 253, 255 (1st Dept. 2000); Kaplan v. Reuss, 113 A.D.2d 184, 186, (2d Dept. 1985), aff'd, 68 N.Y.2d 693, 497 N.E.2d 671 (1986) (same); see also Petition of Harley & Browne, 957 F. Supp. 44, 50 (S.D.N.Y. 1997) (same). Here, as testified by defendant Kaller at the Hearing, and corroborated by Francisco Zeferino, the settlement payment from Defendants to Plaintiff was a global settlement that was inclusive of attorneys' fees. Indeed, the settlement payment was made to Plaintiff with the understanding that Plaintiff would remit the portion of the settlement payment earmarked as attorneys' fees to his counsel as payment for Plaintiff's counsel's attorney's fees. Plaintiff's counsel utterly failed to rebut any of this evidence. Thus, since Defendants neither (i) still possess the settlement proceeds, nor (ii) paid the settlement proceeds to Plaintiff to knowingly deprive Mr. Aronauer of his attorneys' fees, Mr. Aronauer cannot proceed directly against Defendants for the recovery of such fees.[1]

  Accordingly, in light of the foregoing, and the unrebutted Hearing testimony of Messrs. Kaller and Zeferino that a portion of the settlement payment was for attorneys' fees, Plaintiff cannot proceed directly against Defendants to recover his attorneys' fees under New York Judiciary Law § 475.

        Respectfully submitted,

        *s/ Eric Raphan*

        Eric D. Raphan
        for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc:  Jacob Aronauer, Esq. (via ECF)

---

[1] The century-old case cited by Plaintiff's counsel during the Hearing, Fenwick v. Metropolitan Street Railway Co., 173 N.Y. 633 (1903), supports this finding as the enforceability of a plaintiff's attorney's lien against the defendant's assets hinges on whether the settlement was made without accounting for the plaintiff's attorneys' fees. Here, the settlement between Plaintiff and Defendants accounted for Plaintiff's counsel's attorney's fees, so Mr. Aronauer cannot proceed directly against Defendants for such fees.